**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| SHAWN FAUL | CIVIL ACTION |
| VERSUS | NUMBER 12-358-JJB-DLD |
| WAL-MART STORES, INC. | |

## ORDER

This premises liability matter is before the court as the result of plaintiff's having included within his complaint a request for a temporary restraining order and motion for preliminary injunction.[1] Since plaintiff's requests seek only to preserve evidence relevant to this matter that may be obtained during the discovery process and used at trial, they will be treated as a motion for preservation of evidence.

A party has a duty to preserve evidence "when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Zubulake v. UBS Warburg*, LLC 220 F.R.D. 212, 216 (S.D.N.Y. 2003). Plaintiff filed her complaint against Wal-Mart as a result of injuries she allegedly received from a falling case of paper towels; therefore, Wal-Mart has been put on notice of plaintiff's claims and has an obligation to preserve all evidence relevant to this

---

[1] Plaintiff's motions actually seek an order enjoining defendant and its agents "during the pendency of this action and perpetually thereafter" from destroying certain evidence. The court cannot enjoin a party in perpetuity from destroying evidence. If and when plaintiff obtains a copy of any photographs or video surveillance that defendant may have in its possession, plaintiff may take whatever steps necessary to preserve that evidence for her future use.

matter.² Plaintiff's request to have defendant preserve evidence clearly does not impose any additional burden on defendant. Accordingly,

**IT IS ORDERED** that plaintiff's motion to preserve evidence, styled within the complaint as a request for temporary restraining order and motion for preliminary injunction (rec. doc. 1), is **GRANTED IN PART AND DENIED IN PART** as follows:

**IT IS ORDERED** that defendant Wal-Mart Stores, Inc., shall preserve (1) all video surveillance of Wal-Mart Store #935 taken from 6:00 a.m. until 6:00 p.m. on May 3, 2012; and (2) all photographs of Wal-Mart Store #935 taken from 6:00 a.m. until 6:00 p.m. on May 3, 2012, as well as any witness names or other data, witness statements, incident reports, handwritten notes or any other documentation arising out of or related in any way to the incident giving rise to this lawsuit during the pendency of this litigation.

**IT IS FURTHER ORDERED** that in light of the fact that defendant has not been served with a copy of the complaint in this matter, plaintiff shall **serve** defendant and/or defendant's attorney, if known, with a copy of this order immediately upon receipt of this order.

Signed in Baton Rouge, Louisiana, on June 20, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

² Plaintiff seeks to enjoin defendant and its employees, agents, attorneys, and those acting in concert with them from erasing, deleting, destroying, or otherwise disposing of the following during the pendency of this action: "(1) any video surveillance of the Store taken from 6:00 a.m. until 6:00 p.m. on May 3, 2012; and (2) any photographs of the Store taken from 6:00 a.m. until 6:00 p.m. on May 3, 2012, as well as any photographs, witness names or other data, witness statements, incident reports, handwritten notes or any other documentation arising out of or related in any way to the incident giving rise to this lawsuit." (Rec. Doc. 1).